IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MARK HILAL, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | EP- 25-cv-00444 -KC-RFC |
| § | |
| ENRIQUE D. MENDOZA, R. § | |
| MICHAEL MARTINEZ, CITY OF EL § | |
| PASO, PHOENIX SECURITY LLC, § | |
| REDCAP STAFFING AGENCY, and § | |
| FRANKLIN CONSTRUCTION § | |
| LIMITED § | |
| § | |
| *Defendants.* § | |
| § | |

**ORDER AND REPORT AND RECOMMENDATION**

On this day, the Court considered Plaintiff Mark Hilal's Motion to Proceed *in Forma Pauperis* [hereinafter "Mot."], ECF No. 1, and attached Complaint, ECF No. 1-1. The case was assigned to United States District Judge Kathleen Cardone, who referred the Motion to the undersigned magistrate. After due consideration, the Court **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis*. However, the Court **RECOMMENDS** that the claims brought under 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court further **RECOMMENDS** the remaining state-law claims be **DISMISSED WITHOUT PREJUDICE**, in accordance with Fed. R. Civ. P. 12(h)(3).

**I.   DISCUSSION**

Plaintiff filed a motion to proceed *in forma pauperis* on October 3, 2025. *See* Mot. In his attached Complaint, Plaintiff brought the following claims: (1) Section 1983 claims against

Defendants Mendoza, Martinez, and City of El Paso; (2) negligence claims against Defendants Redcap Staffing Agency and Franklin Construction Limited; (3) claims for "Unlawful Retaliation and Interference with Justice" against Defendants Phoenix Security LLC and Redcap Staffing Agency; and (4) claims of intentional infliction of emotional distress against all Defendants. Compl. 3–4.  Plaintiff asserts that the Court possesses original jurisdiction over his Section 1983 claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367.  *Id.* at 2.

### A. Plaintiff's motion to proceed in forma pauperis is granted.

"The federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts" by allowing them to commence legal actions in federal court even if they are unable to pay the costs associated with filing.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342–343 (1948)).  To be granted *in forma pauperis* status, applicants must show that they are "unable to pay such fees or give security therefor."  § 1915(a)(1).  After considering Plaintiff's income, assets, and financial circumstances, *see* Mot., the Court finds that Plaintiff lacks sufficient resources to cover the costs of filing.  Accordingly, Plaintiff's Motion to Proceed *in Forma Pauperis* is **GRANTED**.

### B. The Court recommends Plaintiff's Section 1983 claims be dismissed as frivolous.

Recognizing that litigants proceeding *in forma pauperis* "lack[] economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," *Neitzke*, 490 U.S. at 324, Congress requires district courts to dismiss a claim brought *in forma pauperis* at any time if the court determines the claim is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief," § 1915(e)(2)(B).  A frivolous claim is one which "lacks an arguable basis either in law or in fact."

2

*Neitzke*, 490 U.S. at 325.  A claim lacks an arguable basis in law if "it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quoting *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)).  In determining whether dismissal is proper, the court must assume each of the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing *Ashe v. Corley,* 992 F.2d 540, 544 (5th Cir.1993)).

"By its text, [Section] 1983 provides redress to persons who have suffered a deprivation of their constitutional rights at the hands of a government official."  *Ramirez v. Escajeda*, 298 F. Supp. 3d 933, 941 (W.D. Tex. 2018).  The statute "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan,* 443 U.S. 137, 144, n.3 (1979)).  "To state a [S]ection 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'"  *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (quoting *James v. Tex. Collin Cnty.,* 535 F.3d 365, 373 (5th Cir.2008)).

In support of his Section 1983 claims, Plaintiff alleges that on October 4, 2023, he was the victim of a "felony theft of his replacement U.S. Naturalization Certificate and other critical identification documents."  Compl. 2.  Plaintiff contends the investigation of the theft was constitutionally deficient, specifically claiming (1) Defendant Mendoza, the responding officer, violated both the Due Process and Equal Protection Clause by deliberately misclassifying the offense; (2) Defendant Martinez, the detective assigned to the case, violated the same clauses by intentionally failing to reclassify the theft or "conduct a good-faith investigation"; and (3)

Defendant City of El Paso promulgated "policies, practices, and customs" which resulted in or exacerbated the purported violations. Compl. 2–4.

Even assuming the truth of all factual allegations, Plaintiff's Section 1983 claims are not legally viable because they rest on the false premise that the Constitution confers crime victims with a right to an investigation. The Supreme Court has long held that there is no "judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). By extension, private citizens "do not enjoy a constitutionally protected right to have wrongdoers criminally investigated . . ., even if [they are] the victim[s] of an alleged wrongdoer's criminal acts." *Rivens-Baker v. Riley*, No. SA-22-CV-01167-OLG, 2024 WL 1173045, at *7 (W.D. Tex. Feb. 15, 2024), *appeal dismissed*, No. 24-50181, 2024 WL 4185992 (5th Cir. May 9, 2024) (citing *Merritt v. City of Ennis*, No. Civ.A.3:04CV2606-G, 2005 WL 440408, at *3 (N.D. Tex. Feb. 24, 2005)) (citation modified). Thus, Plaintiff claims a constitutional violation that does not exist as a matter of law.

Because Plaintiff alleges a violation of a legal interest that does not exist, the Court **RECOMMENDS** Plaintiff's Section 1983 claims be **DISMISSED WITH PREJUDICE** as frivolous.

### C. The Court recommends Plaintiff's remaining claims be dismissed because the Court lacks subject-matter jurisdiction.

A court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). A case falls outside the jurisdiction of the court where the federal judiciary "lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).

4

Plaintiff contends that Section 1367 supplies a basis for the Court's exercise of supplemental jurisdiction over the remaining state-law claims. Compl. 1. However, "[a] federal court may exercise supplemental jurisdiction over a claim based on state law only if it has original jurisdiction over a related claim." *Harrison v. Reid*, No. 1:23-CV-01316-RP-SH, 2023 WL 8792169, at *1 (W.D. Tex. Dec. 19, 2023), *report and recommendation* adopted, No. 1:23-CV-1316-RP, 2024 WL 201366 (W.D. Tex. Jan. 18, 2024) (citing § 1367(a)). Because Plaintiff's Section 1983 claims should be dismissed as frivolous, there is no jurisdictional anchor to support supplemental jurisdiction. In the absence of an alternative grant of jurisdiction, the Court lacks statutory authority to consider the state-law claims.

Thus, the Court **RECOMMENDS** Plaintiff's remaining claims be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

## II.   CONCLUSION

As to Plaintiff's Motion to Proceed *in Forma Pauperis,* ECF No. 1, the Court enters the following **ORDERS**:

1. The Court **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis,* ECF No. 1; and
2. The Court **ORDERS** the Clerk of the Court to docket the Complaint, ECF No. 1-1, and Civil Cover Sheet, ECF No. 1-2.[1]

The Court further **RECOMMENDS**:

1. Plaintiff's Section 1983 claims be **DISMISSED WITH PREJUDICE** as frivolous, pursuant to § 1915(e)(2)(B)(ii);

---

[1] Given that the Court finds dismissal is warranted, the Court declines to order service of process on Defendants at this time.

2. Plaintiff's remaining claims be **DISMISSED WITHOUT PREJUDICE**, in accordance with Fed. R. Civ. P. 12(h)(3).

**SIGNED and ENTERED** this 16th day of December, 2025.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**